UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN DONAHUE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-1859 |
| v. | : | (JUDGE MANNION)[1] |
| UNITED STATES DEP'T OF LABOR, et al., | : | |
| | : | |
| Defendants | : | |

## O R D E R

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that the plaintiff's amended complaint (Doc. 13) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. (Doc. 14). The plaintiff has filed objections to the report and recommendation of Judge Carlson. (Doc. 15).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge,

---

[1] This action was originally assigned to the Honorable A. Richard Caputo. By verbal order dated March 18, 2020, the matter was reassigned.

and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff, a prolific *pro se* litigant,[2] filed the most recent of his actions on October 29, 2019. (Doc. 1). As recited in Judge Carlson's report, the plaintiff named the United States Department of Labor, the Commonwealth of Pennsylvania Department of Labor and

---

[2] Judge Carlson cites over two dozen prior lawsuits filed by the plaintiff in federal court since 2013. (Doc. 14, Appendix A).

Industry, the Pennsylvania Human Relations Commission, the Pennsylvania CareerLink Site Administrator, and the Luzerne/Schuylkill Counties Workforce Investment Boards as defendants. In his original complaint, the plaintiff alleged entitlement to certain preferential job placement services as a veteran and raised challenges to a criminal sentence imposed upon him in the state court which prohibited him from entering specific local CareerLink offices. Upon review, Judge Carlson recommended that the plaintiff's original complaint be dismissed without prejudice to allowing the plaintiff to file a proper federal civil action. (Doc. 5). Judge Carlson's report was adopted by the court. (Doc. 8).

On December 10, 2019, the plaintiff filed his amended complaint, a 395-page document in which he seeks, among other things, a removal of his state criminal proceedings to federal court accompanied by an independent legal inquest re-examining his state prosecutions and "a well paying state or local government job in his community" for which he "expects annual compensation in perpetuity of more than the highest salary paid to any government official." While seeking such relief for himself, the plaintiff insists that "the framers of the US Constitution only intended for white men of Christian background to be full citizens" and therefore the plaintiff directs that

the court should deny job placement programs to others, including "all immigrants."

In screening the plaintiff's amended complaint pursuant to the provisions of §1915, Judge Carlson concludes that the plaintiff's amended complaint fails to state a claim upon which relief can be granted and should be dismissed. Specifically, for numerous reasons, Judge Carlson finds that the amended complaint violates Rule 8 of the Federal Rules of Civil Procedure. Moreover, to the extent that the plaintiff seeks to re-litigate claims that were previously dismissed, Judge Carlson concludes that re-litigation is barred by the doctrine of collateral estoppel. Further, Judge Carlson concludes that the plaintiff cannot bring a civil action based upon a criminal case that resulted in a conviction which was not otherwise set aside or overturned. With respect to the many institutional liability claims brought by the plaintiff, Judge Carlson concludes that these fail as a matter of law under the Eleventh Amendment. Finally, Judge Carlson finds that the plaintiff cannot bring a private action challenging an agency administrative determination that he has not suffered any disparate treatment. For all of these reasons, Judge Carlson recommends that the plaintiff's complaint be dismissed.

The plaintiff has raised various objections to Judge Carlson's report. Initially, he challenges the factual foundation of his state conviction set forth by Judge Carlson in the report. He further argues that Judge Carlson fails to understand his grievance which is to obtain veterans benefits that are already his and to get redress for those benefits that have not yet materialized. The plaintiff challenges Judge Carlson's "failure to understand the constitutional intent of the framers," arguing that "just as the framers of the US Constitution, and the framers of the US itself, intended for America to be a white Christian nation, the framers of . . . the Jobs for Veterans Act and related laws intended for veterans to get good jobs first" and "certainly before foreigners; (i.e., the immigrants)." Next, the plaintiff argues that the Department of Labor and its sub-agencies fail to provide services and misuse their resources and that dismissal of this lawsuit will not stop the injustice and further litigation. Plaintiff's final objection is that "the government started it." To this extent, the plaintiff argues that the underlying investigation that began his administrative proceedings was started by the U.S. Department of Labor on its own initiative. Plaintiff argues that there is "a 'deep state' effect that has permeated all of our government agencies at all echelons . . . [and] that this deep state is being driven by an organized network of extremist leftist jews (sic) who have socialist and Bolshevik intentions to root out and

destroy conservative white heterosexual males who are of any form of Christian background." Plaintiff alleges that these government agencies are "soliciting civil complaints from citizens, like the Plaintiff, and then using those complaints as a means of investigating the Plaintiff to find something that they can report to law enforcement to get him arrested."

Upon review of Judge Carlson's report and recommendation and the plaintiff's objections thereto, the court finds no clear error of record. Despite the plaintiff's many challenges to Judge Carlson's report, none change the soundness of the reasoning which led Judge Carlson to his conclusions which are supported by the law. As such, the court will overrule the plaintiff's objections and adopt Judge Carlson's report in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's objections to the report of Judge Carlson **(Doc. 15)** are **OVERRULED**.

**(2)** The report and recommendation of Judge Carlson **(Doc. 14)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(3)** The plaintiff's complaint is **DISMISSED,** without leave to

amend, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 17, 2020**
19-1859-01